**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 19 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOWARD GYLER; PAULA A. MCCAULEY-GYLER, jointly as 1) individual condominium member-owners of the Association of Apartment Owners of the Cliffs at Princeville, a Hawaii nonprofit corporation, 2) as class representatives on behalf of all other member-owners of the Association of Apartment Owners of the Cliffs at Princeville similarly situated, and 3) derivatively on behalf of the Association of Apartment Owners of the Cliffs at Princeville, <br><br> Plaintiffs - Appellees, <br><br> and <br><br> MYRON SEBRAY; CARY RICHMAN, <br><br> Plaintiffs, <br><br> v. <br><br> CLYDE HAMPTON; GEORGE HUTTON; GUS DAAL; JAMES MCCORMICK; JAMES H. HUNT; CARMEN SARLO; BOB ESTES; JAMES | No. 06-15048 <br><br> D.C. No. CV-00-00035-SPK <br><br> MEMORANDUM* |

---

  * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

QUISENBERRY; JACK REID, individually and as members of the Board of Directors and controlling persons of the Association of Apartment Owners of the Cliffs at Princeville, a Hawaii condominium project; CLIFFS CLUB INTERVAL OWNERS ASSOCIATION; CLIFFS MANAGEMENT GROUP, INC.; PREMIER RESORTS INTERNATIONAL, INC.; CHARLES PANKOW BUILDERS, LTD.; RONALD AGOR, ARCHITECTS; MATTHEW SCHALLER; WILLIAM C. BYRNS; MCDONALD RUDY & BYRNS; CITY BANK; APARTMENT OWNERS OF THE CLIFFS AT PRINCEVILLE,

    Defendants,

and

GARY VICTOR DUBIN,

    Real-party-in-interest - Appellant.

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, Senior Judge, Presiding

Argued and Submitted June 4, 2007
Honolulu, Hawaii

Before: THOMPSON, BERZON, and TALLMAN, Circuit Judges.

Gary Victor Dubin appeals from the district court's order sanctioning him in the amount of $3,984.35 for disseminating and making virtually no effort to retrieve the confidential materials of his former clients, Howard Gyler and Paula McCauley-Gyler. We review for an abuse of discretion the district court's entry of sanctions. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The record belies Dubin's claim that the district court abused its discretion by not affording Dubin the requisite procedural due process. The district court gave Dubin the opportunity to timely file a responding brief to the Gylers' request for sanctions, but he did not do so. Though the opportunity for briefing alone fully satisfies due process requirements, *see Pac. Harbor Capital, Inc.*, 210 F.3d at 1118, the district court also provided Dubin two opportunities to justify his conduct at oral argument, and offered to conduct an evidentiary hearing, which Dubin declined on the record. The court then offered to reduce the amount of the sanctions depending on Dubin's efforts to retrieve the disclosed material. He did little to abide by the court's order. Nothing more was required.

Nor did the district court abuse its discretion by not identifying the source of its sanction authority. That the district court failed to specify its authority for awarding the Gylers sanctions neither invalidates the sanctions imposed nor

requires remand. We can discern the source of the district court's powers for purposes of review, *see Primus Auto. Fin. Serv., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997), and we conclude the district court imposed sanctions under its inherent authority.

Finally, we find no abuse of discretion in the district court's failure to make an explicit finding of bad faith. We need not remand for express findings "if 'a complete understanding of the issues may be had [from the record] without the aid of separate findings.'" *Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1051 (9th Cir. 1985) (quoting *Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir. 1975)); *Toombs v. Leone*, 777 F.2d 465, 471 (9th Cir. 1985). The record supports a finding that Dubin disseminated confidential materials, and further shows that he engaged in conduct tantamount to bad faith. Dubin disseminated the privileged materials to individuals who were not yet parties nor lawyers in the case; did not file them in camera or under seal or otherwise seek to limit dissemination to the supposed justification for breaching the attorney-client privilege; all but dismissed the district court's orders to retrieve the confidential materials he disseminated to seventeen people; rebuffed all opportunities to timely oppose the Gylers' requests for sanctions; and showed a disturbing lack of respect due to United States District Judge Samuel P. King. Dubin's bad faith is patent

4

from the record and "we readily find that counsel's recklessness *and* knowing conduct in this case was tantamount to bad faith and therefore sanctionable under the court's inherent power." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002). We affirm the district court's entry of sanctions against him.

**AFFIRMED**.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 17 2007

by: Ruben Talavera
Deputy Clerk